IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


YVONNE DOCKERY                                                                                    PLAINTIFF

      v.                              NO. 4:10-CV-04071-HFB-JRM

CITY OF GARLAND
C/O ARKANSAS INSURANCE DEP'T
RISK MANAGEMENT DIV.                                                                          DEFENDANT

REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On May 26, 2010, Yvonne Dockery ("Plaintiff") filed this cause of action against the City of Garland alleging violations of her constitutional rights by way of 42 U.S.C. § 1983. Pl.'s Compl., ECF No. 1. Plaintiff did not pay the filing fee for this action, but instead filed a Motion for Leave to Proceed *in forma pauperis* ("IFP"), which was granted on May 26, 2010. Order Granting Pl.'s Mot. To Proceed IFP, ECF No. 4. On October 12, 2010, the undersigned entered an order directing Plaintiff to complete and return an addendum to her complaint. ECF No. 7. On November 10, 2010, Plaintiff timely filed the completed addendum. ECF No. 8.

This matter is presently before the court for initial screening of Plaintiff's pleading pursuant to 28 U.S.C. § 1915A. For reasons discussed below, the court recommends that this action be summarily dismissed pursuant to Section 1915(e)(2) for failure to state a claim upon which relief can be granted.

**I.     BACKGROUND**

The events surrounding Plaintiff's allegations are not entirely clear on the face of her complaint and furnished addendum. ECF Nos. 1, 8. Therefore, information obtained from *Dockery*

*v. City of Garland*, 4:07-cv-04055 (W.D. Ark. closed October 3, 2007), has been used to provide a more complete account of the facts giving rise to Plaintiff's claim.

Plaintiff was the elected mayor of the City of Garland. *Dockery v. City of Garland*, 4:07-cv-04055 (W.D. Ark. closed October 3, 2007) (Pl.'s Add. 1). The City of Garland has a mayor-council form of government. *Id.* at 2. Plaintiff identifies Defendants Willie Nash, Clifton Rooters, Robert Hector, Tarzan Banks, Shelshia Booker, and Elnora Davis as council members and Defendant Donnie Dudley as an ex-council member. Pl.'s Compl. 1.

Plaintiff was arrested in connection with unauthorized payroll advances and theft of check that allegedly occurred while she was in office. *Id.* Plaintiff alleges that Defendants conspired against her, denied her due process and equal protection of the law, made slanderous and false statements, and verbally and mentally abused her. Pl.'s Add. 1-7. She requests the following relief: damages in the sum of $7,000,000, removal of Defendants as council members, and criminal prosecution of the Defendants. *Id.* at 6-7.

**II.    APPLICABLE LAW**

Because Plaintiff is proceeding *in forma pauperis*, her complaint is subject to the provisions of 28 U.S.C. § 1915(e). These provisions apply to all *in forma pauperis* litigants, whether they are incarcerated or not. *See Floyd v. United States Postal Serv.,* 105 F.3d 274, 275-77 (6th Cir. 1997) (holding that section 1915 applies to both prisoners and non-prisoners, despite the ambiguity of section 1915(a)(1)). Section 1915(e)(2) provides that the court may dismiss a case "at any time" if it determines that the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

To state a claim under 42 U.S.C. § 1983, the complainant must allege facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: *the complaint must allege facts,* which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added); *see also Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions").

Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *Speech v. Ramsey County*, 954 F. Supp. 1392, 1397 (D. Minn. 1997). Thus, in order to state a cognizable § 1983 claim, a complaint must set forth specific factual allegations describing what each named defendant allegedly did, or failed to do, that violated the plaintiff's federal constitutional rights.

### III. DISCUSSION

The undersigned finds that Plaintiff's complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's allegations are nothing more than "labels and conclusions" without sufficient factual development. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). For these reasons, dismissal of the present action is recommended.

Plaintiff alleges that the Defendants conspired against her. Pl.'s Add. 1-7. To state a conspiracy claim under § 1983, a plaintiff must assert "specific facts showing '[a] meeting of [the]

minds' among alleged conspirators." *Pittman v. Banks*, 998 F.2d 1018 (8th Cir. 1993) (quoting *Snelling v. Westhoff*, 972 F.2d 199, 200 (8th Cir. 1992)).  Here, the only specific fact Plaintiff put forth was that Defendant Davis "signed documents . . . and lied about signing documents."  Pl.'s Add. at 4.  The remainder of Plaintiff's conspiracy allegations are simply legal conclusions without any supporting facts.  *Id.* at 2-6.  As such, Plaintiff's allegations are insufficient to show a meeting of the minds or to show how the Defendants conspired against her.

Plaintiff also alleges that Defendants made slanderous statements and subjected her to mental and verbal abuse.  Pl.'s Add. 2-6.  These allegations do not rise to a level of constitutional dimension.  First, claims for defamation and slander are not cognizable under § 1983.  *Miner v. Brackney*, 719 F.2d 954, 955 (8th Cir. 1983) ("words and intents do not rise to the level of constitutional deprivations").  Additionally, "mere verbal threats made by a state-actor do not constitute a § 1983 claim."  *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992) (citing *Martin*, 780 F.2d at 1338); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) ("mere threatening language and gestures . . . do not, even if true, amount to constitutional violations.").  An exception has been recognized when a defendant's alleged conduct rises to the level of a "brutal" or "wanton act of cruelty."  *Burton v. Livingston*, 791 F.2d 97, 100 (8th Cir. 1986).  However, Plaintiff failed to allege any specific conduct which would warrant application of this narrow exception.

Finally, Plaintiff fails to show that she was denied equal protection or due process of law.  In her addendum, Plaintiff refers to government officials "railroading a person because of color, or gender or personal vendettas," but she does not specifically allege that she is a member of a suspect class or that her claim involves a fundamental right.  *Id.* at 2; *see Gallagher v. Magner*, 619 F.3d

823, 839 (8th Cir. 2010). Plaintiff also alleges that she was denied due process of law, but she does not put forth any facts to support this conclusory allegation. *McDowell v. Dawson*, 221 Fed. Appx. 497 (8th Cir. 2007) (district court properly dismissed plaintiff's conclusory allegations that he was denied due process).

To the extent Plaintiff complains the Defendants engaged in criminal conduct, the undersigned notes that private citizens do not have a judicially cognizable interest in the criminal prosecution of another. *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986). Moreover, impeachment of public officials is an act reserved for legislators, not courts. *See Brown v. Griesenauer*, 970 F.2d 431, 437 (8th Cir. 1992).

IV.    **CONCLUSION**

Accordingly, it is recommended that the current action be **DISMISSED**, as it fails to state a claim under § 1983.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of March 2011.

>    */s/ J. Marschewski*
>    HON. JAMES R. MARSCHEWSKI
>    CHIEF U.S. MAGISTRATE JUDGE